IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Thomas S.,[1]

        Plaintiff,

  v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 6:22-cv-00833-HZ

OPINION & ORDER

Kevin Kerr
Kerr Robichaux & Carroll
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Kevin C. Danielson
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Sarah Elizabeth Moum
Social Security Administration
Office of the General Counsel
6401 Security Blvd
Baltimore, MD 21235

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Thomas M. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

    Plaintiff applied for DIB and SSI on May 30, 2018, alleging an onset date of April 30, 2016. Tr. 13.[2] His application was denied initially and on reconsideration. Tr. 13.

    On April 1, 2021, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 13. On April 23, 2021, the ALJ found Plaintiff not disabled. Tr. 24. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

    Plaintiff alleged disability based on panic/anxiety attacks, hypertension, and broken ribs. Tr. 362. At the time of his alleged onset date, he was 39 years old. Tr. 23. He has a high school education and past relevant work experience as a veneer drier feeder and ironworker. Tr. 23.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 11.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. Tr. 16. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "Cushing's disease, status post surgery; obesity; hypertension; diabetes Type II; sleep apnea; anxiety-related disorder; depressive disorder; and PTSD." Tr. 16. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 16. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations: "He can have occasional exposure to temperature extremes (hot and cold) and to humidity. Due to his mental impairments, he would be limited to simple, routine, 3-4 step tasks and have only occasional interaction with the public." Tr. 18. Because of these limitations, the ALJ concluded that Plaintiff could not perform his past relevant work. Tr. 23. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "semi-conductor bonder," "circuit board taper," and "semi-conductor loader." Tr. 24. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 24.

//

//

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff raises a single issue before this Court: whether the ALJ relied on Vocational Expert ("VE") testimony unsupported by substantial evidence. Pl. Op. Br. 4, ECF 12. Plaintiff argues that the VE grossly overstated the number of jobs available in the three occupations he testified that Plaintiff could perform. *Id.* at 5. Plaintiff relies on data his counsel procured and submitted to the Appeals Council after the ALJ issued his decision. *Id.* Exs. 1-2. The Court concludes that Plaintiff preserved the issue for appeal, and the "vast discrepancy" between the VE's job numbers and Plaintiff's job numbers requires a remand. *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017).

I.      **Relevant Background**

An independent VE testified at Plaintiff's disability hearing. Tr. 63. In response to the ALJ's hypothetical posing the RFC, the VE testified that Plaintiff could perform three jobs in the circuit board and chip industries. Tr. 68. First, the VE testified that Plaintiff could work as a semiconductor bonder, Dictionary of Occupational Titles ("DOT") code 726.685-066, with "an estimated 115,000 people working nationally" in that occupation. Tr. 68. Second, Plaintiff could work as a circuit board taper, DOT code 017.684-010, with "an estimated 118,000 people working nationally" in that occupation. Tr. 68. Finally, Plaintiff could work as a semiconductor loader, DOT code 726.687-030, with "an estimated 90,000 people working nationally" in that occupation. Tr. 68.

During the hearing, Plaintiff's counsel asked the VE where he obtained his "more current occupation numbers." Tr. 69. The VE responded that he relied on vocational software: Job Browser Pro and an older program called OASYS made by the company Vertek. Tr. 69-70. When counsel asked when he had last checked his employment numbers, the VE stated that he relied on numbers released in May 2020. Tr. 70. In response to questioning from the ALJ, the VE testified that the vocational software programs get their information from the U.S. Department of Labor. Tr. 70. The ALJ relied on the VE's testimony about the number of jobs available in the three occupations in concluding at step five that Plaintiff was not disabled. Tr. 23-24.

On or about June 28, 2021, Plaintiff sought review of the ALJ's determination from the Appeals Council. Tr. 270-272; Pl. Op. Br. Ex. 2, ECF 12-2. Plaintiff's counsel argued that the VE's numbers for the three occupations were much higher than results counsel obtained for those occupations from Job Browser Pro. Tr. 4 (Exhibits List for appeal to Appeals Council); Pl. Op.

6 – OPINION & ORDER

Br. Ex. 1 at 1-2, ECF 12-1 (counsel's brief to Appeals Council). Plaintiff's counsel attached the results of searches of the three occupations from Job Browser Pro for 2020 and 2021. *Id.* at 4-15. The 2020 results showed 16 positions available for semiconductor bonders, 121 jobs available for circuit board tapers, and 675 jobs available for semiconductor loaders. *Id.* at 4-9. The 2021 results showed very similar numbers. *Id.* at 10-15. The Appeals Council denied review. Tr. 1. In its written decision addressed to Plaintiff, the Appeals Council stated, "You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the Administrative Law Judge's decision." Tr. 1.

## II.     Legal Standard

"VEs may use a wide range of data sources and methodologies to generate job-number estimates." *White v. Kijakazi*, 44 F.4th 828, 834 (9th Cir. 2022). "ALJs must inquire about, and VEs must explain, any inconsistencies between their testimony and the DOT, a principal source of occupational information for SSA." *Id.* "[U]ncontradicted VE job-numbers testimony [i]s inherently reliable and ordinarily sufficient by itself to support an ALJ's step-five finding." *Id.* at 835 (internal quotations omitted). "However, a VE may offer testimony that is so feeble, or contradicted, that it would fail to clear the substantial-evidence bar." *Id.* (internal quotations omitted).

When a claimant contests job numbers reported by the VE, the claimant must have raised the issue "at some point during administrative proceedings to preserve the challenge on appeal in federal district court." *Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017). It is sufficient for the claimant to question the VE about the source of the data; the claimant need not challenge the VE's job numbers during the hearing. *White*, 44 F.4th at 831; *Shaibi*, 883 F.3d at 1110 ("It is

enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d)."). The claimant may submit evidence challenging the VE's job numbers to the Appeals Council without first submitting it to the ALJ if there is good cause for submitting new evidence on appeal. *White*, 44 F.4th at 836-37; 20 C.F.R. § 404.970(b). The Appeals Council may consider new evidence on appeal if it (1) is material, (2) relates to the period on or before the date of the ALJ's decision, and (3) provides a reasonable probability that the outcome would change if the additional evidence is considered. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

### III.    Application

Plaintiff has shown that his case must be remanded to the ALJ to resolve the discrepancy between the VE's job numbers and Plaintiff's job numbers. Plaintiff preserved the issue for appeal: his counsel asked the VE how he obtained his job numbers and when he had last checked those numbers. Tr. 69-70. *See Shaibi*, 883 F.3d at 1110. Defendant argues that Plaintiff forfeited the issue because he did not ask the ALJ for the opportunity to submit supplemental briefing after the hearing. Def. Br. 4, ECF 14 (citing *Shapiro v. Saul*, 833 F. App'x 695, 696 (9th Cir. 2021); *Christopher C. v. Comm'r, Soc. Sec. Admin.*, No. 2:20-cv-01025-HZ, 2022 WL 305366, at *5 (D. Or. Jan. 31, 2022)). However, in *Shapiro* and *Christopher C.*, counsel for the claimant did not question the VE about jobs data during the hearing. 833 F. App'x at 696; 2022 WL 305366, at *5. The cases also predate *White*, which established that seeking leave to file a supplemental brief with the ALJ is not always required. In *White*, the Ninth Circuit concluded that the plaintiff had established good cause to submit his challenge to the VE's job data to the Appeals Council without first submitting it to the ALJ. 44 F.4th at 836-37. The Ninth Circuit

8 – OPINION & ORDER

noted that the Appeals Council's decision recognized the plaintiff's submission as part of the record and stated that it had considered the plaintiff's reasons for appealing. *Id.* The same is true here: the Appeals Council stated that it "considered the reasons and exhibited them on the enclosed Order of the Appeals Council." Tr. 1. Plaintiff preserved his challenge to the VE's job numbers and established good cause to submit new evidence on appeal.

Plaintiff's new evidence merits consideration because he used a proper methodology to obtain jobs data. Plaintiff used Job Browser Pro, a source the VE testified to using; entered the same DOT positions given by the VE; and retrieved job numbers for 2020, the period for which the VE last updated his numbers. Defendant argues that Plaintiff did not adequately replicate the VE's methodology because he relied only on Job Browser Pro, while the VE testified to relying on both Job Browser Pro and OASYS. Def. Br. 5. The Court rejects this argument. As Plaintiff points out, the Ninth Circuit has not held that the plaintiff must precisely replicate the VE's methodology. Pl. Reply 2-3, ECF 15. Rather, the plaintiff must submit significant probative evidence. *Compare Buck*, 869 F.3d at 1052 (remanding where the plaintiff submitted vastly different job numbers from those provided by the VE, "presumably from the same source") *with Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194 (9th Cir. 2022) (affirming ALJ's denial of benefits where plaintiff's counsel used a suspect methodology and relied on seven-year-old data to calculate job numbers). Plaintiff used a software program the VE testified to using and entered the same DOT positions for the same period. The results of the search constitute significant probative evidence.

There is a reasonable probability that the outcome of this proceeding may have been different if the Appeals Council had credited Plaintiff's evidence. The VE testified that there were an estimated 323,000 positions between the three occupations. *See* Tr. 68. Plaintiff's data

show fewer than 1,000 jobs between the three occupations. Pl. Op. Br. Ex. 1 at 4-9. This is the sort of "vast discrepancy" that "is simply too striking to be ignored." *Buck*, 869 F.3d at 1052; *White*, 44 F.4th at 837. If Plaintiff's numbers are credited, the three occupations on which the ALJ relied at step five are not available in significant numbers in the national economy. *See Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012) (holding that 1,680 jobs nationally was not significant). The Court therefore remands this case for the ALJ to address the discrepancy between Plaintiff's jobs data and the VE's jobs data and to perform a new step five analysis if necessary.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED: \_\_\_\_June 18, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

10 – OPINION & ORDER